IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

FILED BY _____ D.C.

05 NOV -7 PH 4: 13

THOMAS M. GOULD
CLERK, US DISTRICT COURT
W/D OF TN, MEMPHIS

|  |  |  |
|---|---|---|
| JACKIE WILSON LEE, | X X X | |
| Plaintiff, | X X | |
| vs. | X X | No. 05-2708-B/V |
| J.M. SMUCKERS, | X X | |
| Defendant. | X X X | |

ORDER GRANTING LEAVE TO PROCEED IN FORMA PAUPERIS
ORDER OF DISMISSAL
ORDER DENYING APPOINTMENT OF COUNSEL
ORDER CERTIFYING APPEAL NOT TAKEN IN GOOD FAITH
AND
NOTICE OF APPELLATE FILING FEE

Plaintiff Jackie Wilson Lee filed a pro se complaint pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. on September 28, 2005, along with a motion to proceed in forma pauperis and for appointment of counsel. Based on the information contained in the plaintiff's affidavit, the motion to proceed in forma pauperis is GRANTED. The Clerk shall record the defendant as J.M. Smuckers.

The complaint alleges that the plaintiff was terminated on account of his race. The discriminatory acts are alleged to have occurred on August 31, 2004. The plaintiff timely filed a charge of discrimination with the Equal Employment Opportunity Commission and received a right to sue letter on June 29, 2005.

This document entered on the docket sheet in compliance
with Rule 58 and/or 79(a) FRCP on  11-8-05

③

The Court is required to screen _in forma pauperis_ complaints and to dismiss any complaint, or any portion thereof, if the action—

(i)      is frivolous or malicious;

(ii)     fails to state a claim on which relief may be granted; or

(iii)    seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2). Plaintiff's complaint is subject to dismissal in its entirety.

This complaint is not timely. An aggrieved person in a deferral state such as Tennessee must file a formal charge of discrimination within three hundred (300) days of the allegedly discriminatory action, 42 U.S.C. § 2000e-5(e)(1), and must commence a civil action within ninety (90) days of receipt of the right to sue letter, _id._, § 2000e-5(f)(1).[1] The Supreme Court has held that the limitations period for filing a charge with the EEOC "is subject to waiver, estoppel, and equitable tolling." _Zipes v. Trans World Airlines, Inc._, 455 U.S. 385, 393 (1982).[2] However, equitable tolling is rarely appropriate:

This circuit has repeatedly cautioned that equitable tolling relief should be granted only sparingly. . . . In determining whether the equitable tolling of the EEOC

---

[1]    The Supreme Court held in _National R.R. Passenger Corp. v. Morgan_, 536 U.S. 101, 110 (2002), that "[a] discrete retaliatory or discriminatory act 'occurred' on the day that it 'happened.' A party, therefore, must file a charge within either 180 or 300 days of the date of the act or lose the ability to recover for it."

[2]    That analysis has also been applied to the ninety-day period commencing with receipt of the right to sue letter. _Crown, Cork & Seal Co. v. Parker_, 462 U.S. 345, 354 (1983).

filing period is appropriate in a given case, we have consistently taken into consideration the following five factors:

    1)   lack of notice of the filing requirement;

    2)   lack of constructive knowledge of the filing requirement;

    3)   diligence in pursuing one's rights;

    4)   absence of prejudice to the defendant; and

    5)   the plaintiff's reasonableness in remaining ignorant of the particular legal requirement for filing his claim.

. . . [T]he five factors considered in deciding whether to equitably toll a limitations period are not comprehensive, nor is each of the five factors relevant in all cases. . . . The decision whether to equitably toll a period of limitations must be decided on a case-by-case basis.

Amini v. Oberlin College, 259 F.3d 493, 500 (6th Cir. 2001) (citations omitted); see Truitt v. County of Wayne, 148 F.3d 644, 648 (6th Cir. 1998) (applying identical analysis to ninety-day limitations period after receipt of right-to-sue notice).

    Applying these standards, the Sixth Circuit has consistently rejected the most common arguments made by plaintiffs in favor of equitable tolling. Thus, for example, claims that a pro se plaintiff was ignorant of the legal requirements or incorrectly calculated the applicable time periods are insufficient to justifying tolling:

Typically, equitable tolling applies only when a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond that litigant's control. . . . Absent compelling equitable considerations, a court should not extend limitations by even a single day.

Graham-Humphreys v. Memphis Brooks Museum, Inc., 209 F.3d 552, 560-61 (6th Cir. 2000); see also Johnson v. U.S. Postal Serv., No. 86-2189, 1988 WL 122962 (6th Cir. Nov. 16, 1988) (refusing to apply equitable tolling when pro se litigant missed filing deadline by one day). Thus, ignorance of the law by pro se litigants does not toll the limitations period. Price v. Jamrog, 79 Fed. Appx. 110, 112 (6th Cir. Oct. 23, 2003); Harrison v. I.M.S., 56 Fed. Appx. 682, 685-86 (6th Cir. Jan. 22, 2003); Miller v. Cason, 49 Fed. Appx. 495, 497 (6th Cir. Sept. 27, 2002) ("Miller's lack of knowledge of the law does not excuse his failure to timely file a habeas corpus petition."); Brown v. United States, 20 Fed. Appx. 373, 374 (6th Cir. Sept. 21, 2001) ("Ignorance of the limitations period does not toll the limitations period."); cf. Jurado, 337 F.3d at 644-45 (lawyer's mistake is not a proper basis for equitable tolling). Finally, the absence of prejudice to the defendant, standing alone, is insufficient to justify equitable tolling in the absence of an "independent basis for invoking the doctrine." Baldwin County Welcome Center v. Brown, 466 U.S. 147, 151-52 (1984) (per curiam).

In this case, the complaint alleges that the plaintiff received a right to sue letter on June 29, 2005, and he filed this lawsuit ninety-one (91) days later, on September 28, 2005. The complaint is, therefore, untimely. The complaint contains no explanation for the late filing, and it appears likely that the plaintiff is unaware that the complaint is not timely and has

4

miscalculated the date on which the ninety-day period expired. However, this mistake affords no basis for equitable tolling.

Accordingly, the Court DISMISSES the case, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), for failure to state a claim on which relief may be granted. In light of the dismissal of this action, the motion for appointment of counsel is DENIED as moot.

The Court must also consider whether plaintiff should be allowed to appeal this decision in forma pauperis, should he seek to do so. Pursuant to the Federal Rules of Appellate Procedure, a non-prisoner desiring to proceed on appeal in forma pauperis must obtain pauper status under Fed. R. App. P. 24(a). See Callahan v. Schneider, 178 F.3d 800, 803-04 (6th Cir. 1999). Rule 24(a)(3) provides that if a party was permitted to proceed in forma pauperis in the district court, he may also proceed on appeal in forma pauperis without further authorization unless the district court "certifies that the appeal is not taken in good faith or finds that the party is not otherwise entitled to proceed in forma pauperis." If the district court denies pauper status, the party may file a motion to proceed in forma pauperis in the Court of Appeals. Fed. R. App. P. 24(a)(4)-(5).

The good faith standard is an objective one. Coppedge v. United States, 369 U.S. 438, 445 (1962). An appeal is not taken in good faith if the issue presented is frivolous. Id. It would be inconsistent for a district court to determine that a complaint does not warrant service on the defendants, yet has sufficient merit to support an appeal in forma pauperis. See Williams v.

5

Kullman, 722 F.2d 1048, 1050 n.1 (2d Cir. 1983). The same considerations that lead the Court to dismiss the complaint for failure to state a claim also compel the conclusion that an appeal would not be taken in good faith.

It is therefore CERTIFIED, pursuant to Fed. R. App. P. 24(a), that any appeal in this matter by the plaintiff is not taken in good faith. Leave to proceed on appeal in forma pauperis is, therefore, DENIED. Accordingly, if plaintiff files a notice of appeal, he must pay the $255 appellate filing fee in full or file a motion to proceed in forma pauperis in the United States Court of Appeals for the Sixth Circuit within thirty (30) days.

IT IS SO ORDERED this 7ª day of November, 2005.

J. DANIEL BREEN
UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 3 in
case 2:05-CV-02708 was distributed by fax, mail, or direct printing on
November 8, 2005 to the parties listed.

Jackie Wilson Lee
7851 Brady Creek Cove
Cordova, TN 38016

Honorable J. Breen
US DISTRICT COURT